# J. S. MIWA & CO. (HOYT, SHEPSTON & SCIARONI) ET AL. v. UNITED STATES

**No. 6041.**—Invoices dated Osaka, Japan, June 17, 1936, etc.
Certified June 18, 1936, etc.
Entered at San Francisco, Calif., July 6, 1936, etc.
Entry No. 140, etc.

(Decided July 24, 1944)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.

*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for plaintiffs and the Assistant Attorney General, attorney for the United States, subject to the approval of the court, as to merchandise covered by the reappraisement appeals listed in annexed schedule A:

(1) That this stipulation is limited to so much of said merchandise as is described in the invoices as clams in 5-ounce cans or tins, such items being marked A and initialed *GHG* by Examiner *G. H. Godfrey,* said articles being appraised on the basis of the American selling price in accordance with the Presidential proclamation published in T. D. 47031.

(2) That such merchandise is the same in all material respects as the imported clams involved in *United States* v. *Mutual Supply Co. et al.* and *Mutual Supply Co. et al.* v. *United States,* Reap. Dec. 5950, and that the issues herein are the same in all material respects as the issues involved in said decision.

(3) That upon the dates of exportation to the United States of the merchandise covered by these appeals, like or similar merchandise manufactured or produced in the United States was being freely offered for sale and sold to all purchasers in the principal market of the United States in the ordinary course of trade and in the usual wholesale quantities, including all containers and coverings and all costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery, at the following prices per dozen cans or tins, less a cash discount of 1½ per centum:

5-ounce size:

| | |
|---|---|
| June 1, 1935, to November 30, 1936 | $0. 90 |
| December 1, 1936, to April 30, 1937 | . 95 |
| May 1, 1937, to December 31, 1940 | 1. 00 |
| January 1, 1941, to March 15, 1941 | 1. 00 |
| March 16, 1941, to June 30, 1941 | 1. 05 |

(4) That the record in said Reap. Dec. 5950 may be incorporated herein and that upon this stipulation these appeals may be deemed submitted, they being limited to the items marked A on the invoices and abandoned as to all other merchandise.

On the agreed facts I find the American selling price, as that value is defined in section 402 (g) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise described on the invoices as clams in 5-ounce cans or tins, marked A and initialed GHG by Examiner G. H. Godfrey, and that such values, for merchandise exported during the specified periods, are as follows:

| 5-ounce size | Per dozen | |
|---|---|---|
| June 1, 1935, to November 30, 1936 | $0. 90 | |
| December 1, 1936, to April 30, 1937 | . 95 | less 1½ per centum cash discount |
| May 1, 1937, to December 31, 1940 | 1. 00 | |
| January 1, 1941, to March 15, 1941 | 1. 00 | |
| March 16, 1941, to June 30, 1941 | 1. 05 | |

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.